United States District Court
Southern District of Texas
FILED

OCT 04 2023

Nathan Ochsner, Clerk

United States District Court
Southern District of Texas
ENTERED
October 05, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| MARTIN AGUILLON, JR., § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | CIVIL ACTION NO. 7:23-CV-0295 |
| § | |
| BOBBY LUMPKIN, § | |
| § | |
| Respondent. § | |

## REPORT AND RECOMMENATION

Petitioner MARTIN AGUILLON, JR. has filed a pro se petition for writ of habeas corpus pursuant 28 U.S.C. § 2254 (the "Petition"). (Dkt. No. 1). Upon receipt of the Petition by the Clerk of Court, the instant civil action was opened with the Petition serving as the initial filing on the docket. (*Id.*). The Petition appears to have been meant for filing, however, in a prior action for habeas relief brought by Petitioner and opened under Civil Action No. 7:23-CV-0266 (the "Lead Action"). This case was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1). Given the circumstances, the undersigned Magistrate Judge respectfully RECOMMENDS that the instant civil action be CONSOLIDATED with the Lead Action pursuant to Rule 42(a) of the Federal Rules of Civil Procedure and Rule 7.6 of the Local Rules of the United States District Court for the Southern District of Texas, and that the instant action be administratively CLOSED.

## I. BACKGROUND

On August 14, 2023, the Clerk received from Petitioner a handwritten document labelled as a "Notice of Appeal" and bearing in the caption a case number for an action before the Texas Court of Criminal Appeals (the "TCCA"), or Case No. WR-92,276-02. Lead Action, Dkt. No. 1

at 2. With that document, Petitioner enclosed what he referred to as "the $5.00 filing fee required for a petition for relief from a conviction or sentence by a person in state custody, pursuant to 28 U.S.C. § 22.54 [sic] for a writ of habeas corpus." *Id.* at 1. Upon receipt of the self-styled Notice of Appeal, the Clerk opened the Lead Action, entering the document as the initial filing on the docket. The action was randomly assigned to the Honorable Drew B. Tipton, United States District Judge, and randomly referred to the Honorable Juan F. Alanis, United States Magistrate Judge.

On August 22, 2023, Judge Alanis issued an order concerning Petitioner's initial filing. Lead Action, Dkt. No. 2. Construing the filing as a request for habeas relief under § 2254, and noting the payment of the filing fee, Judge Alanis ordered Petitioner to resubmit his request using standard form AO 241. *Id.* Compliance was ordered by September 21st. *Id.*

On September 1, 2023, the Clerk received from Petitioner a completed form AO 241 dated August 29th, i.e., the Petition. (Dkt. No. 1 at 16). Petitioner indicated through the body of the Petition that he had previously been denied state habeas corpus relief by the TCCA in Case No. WR-92,276-02, or the same proceeding that was the subject of his "Notice of Appeal" in the Lead Action. (*Id.* at 4-5). Petitioner, however, neglected to write the case number of the Lead Action in the caption of the Petition or otherwise refer to the filing of the Lead Action.

Based presumedly on this oversight, the Clerk opened the instant action with the Petition serving as the initial filing on the docket. This action was randomly assigned to the Honorable Randy Crane, Chief United States District Judge, and randomly referred to the undersigned Magistrate Judge. The undersigned Magistrate Judge has since noted Petitioner's payment of the civil action filing fee and ordered Respondent to respond to the Petition.[1] (Dkt. No. 6).

---

[1] Petitioner filed a letter advising that he had previously paid the filing fee but referred in the caption only to the case number for the instant action. (Dkt. No. 5). It was during the docketing of the order for a response that the Clerk advised the undersigned of the Lead Action and included the "Related Case" designation at the header of the docket sheets to the instant action and the Lead Action.

## II. LEGAL STANDARD

Rule 42(a) provides the district court with authority to consolidate actions before it, Fed. R. Civ. P. 42(a)(2), which is recognized by Local Rule 7.6, S.D. Tex. L.R. 7.6. The court may consolidate two or more actions if those actions involve a common question of law or fact. Fed. R. Civ. P. 42(a)(2). The purpose of consolidation is "to expedite trial and eliminate unnecessary repetition and confusion." *Miller v. U.S. Postal Serv.*, 729 F.2d 1033, 1036 (5th Cir. 1984).

Accordingly, in making a Rule 42(a) determination for consolidation, courts have considered factors such as whether: (1) the cases are pending before the same court; (2) a common party is involved; (3) common issues of law or fact are involved; (4) there is a risk of prejudice or confusion if the cases are consolidated; (5) judicial resources will be reserved; and (6) the cases are at similar stages of preparedness for trial. *See Rolph v. Hinojosa*, 2019 WL 1244090, at *1 (S.D. Tex. Feb. 7, 2019) (Ormsby, M.J.), *report and recommendation adopted*, 2019 WL 1244138 (S.D. Tex. Mar. 18, 2019) (Crane, D.J.).

"A motion to consolidate is not required; the court may invoke Rule 42(a) *sua sponte*." *Miller*, 729 F.2d at 1036.

Generally, where consolidation is appropriate, the pleadings of all the subject actions are consolidated into the oldest of those actions. *See* S.D. Tex. L.R. 7.6; *see also In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, 511 F. Supp. 2d 742, 777 (S.D. Tex. 2005).

## III. ANALYSIS

Here, the Magistrate Judge finds and concludes that the Petition was Petitioner's attempt at complying with Judge Alanis's order of August 22, 2023, such that the instant action and the Lead Action represent the same challenge to Petitioner's underlying state conviction and sentence.

## IV. CONCLUSION

For these reasons, the Magistrate Judge RECOMMENDS that the instant action be CONSOLIDATED with the Lead Action, Civil Action No. 7:23-CV-0266, and that the instant action be administratively CLOSED.

### *Objections*

Within fourteen (14) days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Failure to file written objections within fourteen (14) days after service shall bar an aggrieved party from de novo review by the court on an issue covered in this report and from appellate review of factual findings accepted or adopted by the court, except on grounds of clear error or manifest injustice.

### *Directive to Clerk of Court*

The Clerk of Court is DIRECTED to forward a copy of this report to the parties by any receipted means.

DONE at McAllen, Texas this 4th day of October 2023.

J. SCOTT HACKER
United States Magistrate Judge